**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JOSEPH MUCHERSON,                                                    PLAINTIFF
ADC # 129908

V.                                    5:14CV00354-BSM-JJV

SHARON WILLIAMS, Captain,
Varner Unit Penitentiary                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Joseph Mucherson ("Plaintiff") is an inmate of the Arkansas Department of Correction. He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendant Sharon Williams violated his constitutional rights. After careful review of the documents submitted by Plaintiff, the Court concludes Plaintiff's cause of action should be dismissed for failure to state a claim upon which relief may be granted.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.   ANALYSIS

Plaintiff alleges that Defendant Sharon Williams verbally threatened him on June 26, 2014. (Doc. No. 4 at 5). Specifically, he claims she threatened to hit him in the mouth and stated she would "put a hit" on him. (*Id*.). He also claims she ordered officers to "shake [him] down" and beat him if he "bucked." (*Id*.).  Plaintiff also notes, however, that Defendant Williams did not physically harm him in any way. (*Id*.).

It is well established that "mere verbal threats made by a state-actor do not constitute

a § 1983 claim." *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)).  This rule is excepted in *Burton v. Livingston,* wherein a prison guard pointed a firearm at a prisoner, insulted him with racial epithets, and threatened him with instant death. 791 F.2d 97, 100 (8th Cir. 1986). There, the *Burton* court held that a prisoner retained at least the right to be free of the "terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Id*.

The extreme circumstances of the *Burton* case are absent here and the Court finds that the general rule regarding verbal threats should apply. Plaintiff's allegations concerning Defendant Williams's conduct are a far cry from the "terror of instant and unexpected death." By Plaintiff's own account, Defendant Williams threatened to hit him in the mouth, but did not undertake any action to make good on that threat. Similarly, she is alleged to have threatened to pay others to harm him, but there is no indication from Plaintiff's Complaint that she took any affirmative step toward doing so. Lastly, despite her alleged shake down threats, Plaintiff does not allege that officers actually used any force against him at her direction. Unlike the loaded firearm in *Burton*, Plaintiff was never faced with the immediate threat of grievous harm. To be sure, the alleged threats made by Defendant Williams, if true, are troubling and unprofessional. They do not, however, state a claim for constitutional misconduct.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's cause of action be DISMISSED without prejudice for failure to state

a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an *in forma pauperis* appeal from an Order and Judgment

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 7th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.